**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DAVID M. GRAHAM                                                                                          PLAINTIFF

v.                                              NO: 2:06CV00187 JLH

UNION PACIFIC RAILROAD COMPANY                                                         DEFENDANT

## OPINION AND ORDER

David Graham brought this action against his employer, Union Pacific Railroad Company, under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 et seq. He claims that Union Pacific's negligence caused Graham cumulative trauma injuries or aggravated his pre-existing conditions. Union Pacific filed a motion for summary judgment, arguing that Graham disavowed having sustained cumulative trauma injuries and admitted to having suffered only an acute trauma injury. For the following reasons, Union Pacific's motion is denied.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Graham has been a Union Pacific employee for over thirty years. His employment activities have included various labor-intensive activities over a period of many years. In his deposition testimony, Graham stated that he experienced a sharp pain in his lower back in or around June 2005

while lifting and throwing tie plates for Union Pacific. In early October 2005, Graham felt a sharp pain in his back after swinging a "mundy maul" while working on a derailment project for Union Pacific. Graham stated in his deposition that the sharp lower back pain in the June 2005 incident did not recur again until the October 2005 incident. In a sworn affidavit, however, Graham states that he experienced increasing pain in his back and neck after the June 2005 incident.

Graham filed a personal injury report with Union Pacific on October 23, 2005. In that report, he stated that his injury occurred "over a period of years of railroad work" due to "repeated lifting and bending – doing railroad work." He described his "condition" as back pain recurring over a period of years caused by "lifting, bending, spike malling [sic], shoveling, [and] pushing." Graham was evaluated by several physicians after the October 2005 incident and was diagnosed with degeneration of the discs in his lower back. He then filed this action against Union Pacific on September 5, 2006, alleging that Union Pacific's negligence and violation of the Federal Employees' Liability Act caused Graham to incur cumulative trauma injuries to his neck, back, legs, and thighs.

In its motion for summary judgment, Union Pacific argues that in his deposition testimony Graham disavowed sustaining cumulative trauma injuries, instead admitting only to having suffered an acute traumatic injury. In response to being asked why he did not put the specific date of the incident in October 2005, Graham stated that he did not know why he wrote "unknown" under the date of the injury on the personal injury report, rather than putting a specific date. In response to repeated questions about why he failed to record a specific date, he stated:

> A. Well, I don't know. I don't know why I didn't put that down. That's – why I didn't put the date on there?
>
> Q. Yes, sir.
>
> * * *

> A. Date of injury. Date of injury. Because I didn't think I was going to have to fill out no – well, I didn't know – I don't know why I didn't put that date on there really just to be honest.

Finally, he was then asked what he meant by "over a period of years." In response he stated, "I made a mistake, . . . had aches and pains . . . but never nothing reported, . . . and so I just put that in there at the time I was writing this out." After being asked what he meant by mistake, he said, "I should have put that date on there, I guess." After again being asked whether he should have written the date of the October 2005 incident, Graham said, "I didn't know, so I just put – you think I should have put this [specific date] on here?" Then the following exchange occurred:

> Q. I'm just asking you do you think the day that you were injured swinging that Mundy maul putting on anchors is – is –
>
> A. I should have put that on, yes.

Graham was also asked whether the sharp lower back that he experienced in the June 2005 incident recurred prior to the October 2005 incident. Graham responded, "I – I didn't feel it no more until I started doing that derailment [in October 2005], got that sharp pain like that there again." Based on the above statements, Union Pacific argues that Graham disavowed that he sustained cumulative trauma injuries and, instead, claimed to have suffered an acute traumatic injury on the date of the October 2005 incident.

It is not evident from Graham's deposition testimony that he disavowed having sustained cumulative trauma injuries. In response to multiple questions about why he failed to write a specific date, he continually responded that he did not know. Finally, he responded that he made a mistake by failing to insert the date of the October 2005 incident. He did not state that he was mistaken in reporting that his injuries occurred "over a period of years" or that the date of his injuries was

3

"unknown." He did not disavow the allegedly cumulative nature of his injuries. In fact, in the same response in which he admitted having made a mistake, he stated that he "had aches and pains . . . but never nothing reported, . . . and so I just put that in there at the time I was writing this out." This latter statement supports Graham's allegations of a cumulative trauma injury.

Graham also did not disavow that he felt any pains after the June 2005 incident and before the October 2005 incident. Graham stated that he did not feel the sharp lower back pain of the June 2005 incident until he was doing derailment work in October 2005. He denied feeling that same pain again prior to the October 2005 incident, but he did not disavow feeling any increasing aches or pains leading up to the October 2005 incident. Furthermore, Graham has provided a sworn affidavit and a medical record from Dr. Schoedinger supporting his allegations that his pains were present and increased in severity prior to the October 2005 incident. The statements made to Dr. Schoedinger are an exception to the hearsay rule under Fed. R. Evid. 803(4), as statements for purposes of medical diagnosis or treatment, and as such are not stricken.

In summary, Union Pacific has attempted to characterize Graham's statements as a disavowal of his alleged cumulative trauma injuries. When viewed in their context, however, Graham's statements are not a disavowal of his allegations of the nature of his injuries. Rather, Graham merely stated that he should have included the date of the October 2005 incident and that he did not feel the same sharp lower back pain again after June 2005 until the incident in October 2005. Graham has neither conceded that his injury is an acute trauma injury nor denied that his injury was an aggravation of a pre-existing condition caused by Union Pacific's alleged negligence. Whether Graham's injuries are the result of cumulative trauma, whether Union Pacific was negligent, and whether Union Pacific's alleged negligence caused Graham's cumulative trauma injuries are all

genuine issues of material fact.  Upon review of Graham's deposition testimony, it is not clear that he disavowed the cumulative nature of his alleged injuries.  Because genuine issues of material fact still remain, Union Pacific's motion for summary judgment is DENIED.

    IT IS SO ORDERED this 26th day of September, 2008.

                                                                                                                                               _____

                                                                                                                                               J. LEON HOLMES  
                                                                                                                                               UNITED STATES DISTRICT JUDGE