IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DAVID M. GRAHAM                                                                      PLAINTIFF(S)

vs.                        CASE NO. 2:06CV00187 JHL

UNION PACIFIC RAILROAD COMPANY                   DEFENDANT(S)

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 5 TO PRECLUDE UNION PACIFIC AND THEIR EXPERTS FROM ATTEMPTING TO OFFER TESTIMONY THAT PLAINTIFF'S INJURIES ARE THE RESULT OF GENETIC OR PSYCHOSOCIAL FACTORS, FUNCTIONAL OVERLAY**

**I.**

**ISSUE**

Plaintiff DAVID GRAHAM brings this motion to preclude defendant and its experts, including Drs. TODD BROWN and PEOPLES from introducing evidence or testimony, or rendering opinions that plaintiff's injuries or disability was caused in whole or in part by, or result from a psychological basis, or a genetic basis. Dr. Brown holds himself out as an ergonomist, but is actually trained in psychology.

Dr. Peoples is an orthopaedic surgeon, and uses bias and speculation to render an opinion that plaintiff's problems arose from psychological motivation to be on disability, and states this is the reason that plaintiff stopped working, not because he was injured.

There is no factual or scientific basis for his psychological opinion and this opinion is not expressed to a reasonable degree of medical certainty. No testimony should be allowed regarding any psychological or underlying motivation by Mr. Graham to avoid work, because he is not qualified by education or training to do so. Likewise, Dr. Todd is not qualified to speak to the

effect of aging or genetics on Mr. Graham's disk problems.

## II.

### ANY OPINION THAT PLAINTIFF'S INJURIES AROSE FROM PSYCHOLOSOCIAL FACTORS, NORMAL AGING, GENETICS, AND/OR THAT HIS CURRENT OR FUTURE DAMAGES ARE IMPACTED BY MOTIVATION TO BE DISABLED IS NOT RELIABLE OR OFFERED BY QUALIFIED WITNESSES

A.  APPLICABLE LAW:

The use of expert testimony is authorized by Rule 702 of Fed. R. Evid.:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

An expert's testimony must be based on "scientific knowledge" which implies "a grounding in the methods and procedures of science" — i.e., it must connote "more than subjective belief or unsupported speculation." <u>Daubert v. Merrell Dow, supra,</u> 509 U.S. at 590, 113 S.Ct. at 2795. The Ninth Circuit described the gatekeeping function regarding reliability as:

> A preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasomng or methodology pr~perly can be applied to the facts in issue. <u>Kennedy v. Collagen Corp.,</u> 161 F.3d 1226, 1227 (9th Cir. 1998), *cert. denied* 119 S.Ct. 1577 (1999).

Rule 703 sets forth the materials experts may rely upon for their opinions:

> The **facts or data** in the particular case on which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. **If of a type reasonably relied upon by experts in the particular field** in forming opinions or inferences on the subject, the facts and data need not be admissible into evidence. [Emphasis added.]

It is the proponent of the expert who has the burden of proving admissibility. <u>Lust v. Merrell Dow Pharmaceuticals, Inc.,</u> 89 F.3d *594,598* (9th Cir. 1996). See also <u>Bennett v. PRC Public Section, Inc.,931</u> F.Supp. 484, 490(S.D. Tex. 1996) [burden of proof on party proffering the witness and admissibility must be shown by a preponderance of the evidence].

### B. Defendants' Experts Lack Any Reliable Factual Foundation To Base A Claim Or Opinion That Psychological Factors Caused Or Contributed To Plaintiff's Complaints

**Rule 703** permits experts to base their opinions on three possible **fact** sources:

> (1) firsthand observations, (2) presentation at trial, and (3) presentation of data outside of court and other than by their own perception. *Advisory Committee's Notes to Rule 703.* **None of these sources of information is available in this case to Drs. Brown (ergonomist) or Dr. Peoples.**

Neither Dr. Brown nor Dr. Peoples have reviewed any genetic or psychological evaluation of Plaintiff, genetic testing results, or relied upon any medical records reflecting any diagnosed or reported evidence of psychological **motivations or neurosis. They have not** conducted any psychological or psycho-social testing of plaintiff. No psychometric or genetic testing of Mr. Graham has ever been performed. The railroad and its experts cannot provide a **factual or scientific foundation** for any opinions that plaintiff's injuries were caused by physiological impediments, psycho social factors, or genetics.

The only information these experts have regarding Plaintiff is Plaintiff's deposition and Plaintiff's medical records. **This is an insufficient factual basis for rendering an opinion that any psychological factors contributed to plaintiff's injuries.** As stated in <u>Daubert</u>:

> "[S]cientific" implies a grounding in the methods and procedures of science. Similarly, the word "knowledge" connotes **more that subjective belief or unsupported speculation.** <u>Daubert v. Merrell Dow</u>, *supra,* 509 U.S. at 590, 113 S.Ct. At 2795.

### C. Dr. Brown's and Dr. Peoples' Opinions on the Objected topics [genetics and desire to be disabled], Do Not Meet The *Daubert* Criteria for Admissibility

No defense expert evaluated Plaintiff, let alone conducted any tests to establish a reliable basis to opine that genetic or psychological factors caused or contributed to Plaintiffs injuries or present or future damages. "An expert opinion is not scientifically valid when it is based upon

wholly insufficient data." *Savage v. Union Pacjflc Railroad Co.,* 67 F. Supp. 2d 1021, 1033 (E.D. Ark. 1999).

Assuming, only for purposes of this motion, that psychological factors can cause, or contribute to, spine injuries or future damages, UPRR's experts must still present scientific data that such factors <u>did in fact</u> cause or contribute to this Plaintiffs injuries and disability. Deposition testimony and the defendant's personnel file do not constitute scientific facts or data "of a type reasonably relied upon by experts in the field" in forming opinions on the effect of psycho social factors. This is particularly so with regard to deposition testimony which is created as part of ongoing litigation. See *United States v. Tran Trong Cuong* (4th Cir. 1994) 18 F.3d 1132, 1143 (reports specifically prepared for purposes of litigation are not, by definition, "of a type reasonably relied upon by experts in the particular field).

The expert opinion testimony referred to by this motion is mere conjecture and inadmissible.

### III.

### DR. PEOPLES IS NOT QUALIFIED TO RENDER AN OPINION ON PSYCHO SOCIAL FACTORS

Pursuant to the Federal Rules of Evidence, rule 702, an expert must be qualified to render an opinion in a particular case. Dr. Peoples does not have the training, skill, experience, education or knowledge to assess psychological disorders.

Dr. Peoples is not a psychologist or psychiatrist. This defense expert is incompetent to express any opinion which touches on Plaintiffs past, present or future psychological state, no matter what semantic sophistry he uses.

# IV.

# CONCLUSION

For the above reasons, Plaintiff requests that the court order the Defendant not to refer to, mention, or attempt to use for any purpose, any supposition or conjecture on the part of any defense expert witnesses Todd Brown or Dr. Peoples that Plaintiffs disability pain or symptoms are as a result of any genetic problem, psycho-social, or functional overlay, nor raise such issues in any context, including opening statement or closing argument, in this trial.

DATED: October 7, 2008

    Respectfully submitted,

    MORGAN AND CHADICK

    S. REED MORGAN
    Morgan & Chadick, LLP
    P.O. Box 38
    Comfort, TX 78013
    (830) 995-2464
    (830) 995-2728 (FAX)

    By: /s/ S. Reed Morgan
        S. Reed Morgan
        TX and AR States Bar No. 14452300

    And

    MARK B. CHADICK
    Morgan & Chadick, LLP
    225 West Barraque
    Pine Bluff, AR 71601
    (870) 536-5110
    (870) 536-5629 (FAX)

    ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I, S REED MORGAN, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Scott H. Tucker | Andrew W. Reinhart |
| Alan G. Bryan | Kelly Hayden LLC |
| Friday, Eldredge & Clark, LLP | 525 William Penn Place, Suite 3125 |
| 400 West Capitol Avenue, Suite 2000 | Pittsburgh, PA 15219 |
| Little Rock, AR 72201-3493 | |

ATTORNEYS FOR DEFENDANT UNION PACIFIC RAILROAD

on this the 7th, day of October, 2008.

    /s/ S. Reed Morgan
    S. Reed Morgan