IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DAVID M. GRAHAM                                                                                    PLAINTIFF

v.                                          NO. 2:06CV00187 JLH

UNION PACIFIC RAILROAD COMPANY                                                      DEFENDANT

**ORDER**

Both parties have filed extensive motions in limine. The defendant has filed a motion in limine addressing twenty separate items. The plaintiff has filed a motion in limine addressing twenty-four separate items. Both parties have moved in limine on several items making generic arguments the gist of which is that the opposing party should be required to comply with the rules of evidence, but those generic arguments are made without identifying specific evidence which there is reason to believe may be introduced and for which the most appropriate remedy would be an order in limine excluding that evidence. Each party has conceded that the other party has correctly articulated the rules of evidence on several items, and to the extent that each party has done so, the Court will assume that the respective parties will comport themselves consistently with the representations made in response to the opposing party's motion in limine. Otherwise, the Court declines to address generic motions in limine that are not directed at specific evidence that might arise at trial.

Union Pacific's first point is that the plaintiff should not be allowed to argue that he is not eligible to receive workers' compensation benefits. The Court will follow *Stillman v. Norfolk & Western R.R. Co.*, 811 F.2d 834, 838 (4th Cir. 1987), on that point and will not permit testimony or argument of counsel on the issue of whether railroad workers are entitled to workers' compensation

benefits except as stated hereafter. Whether railroad workers may be entitled to workers' compensation benefits is a question of law. If the plaintiff has authority for the proposition that it is proper to instruct the jury that the plaintiff is not eligible for workers' compensation benefits, the Court will consider that authority and rule on that issue at the instructions conference.

Item No. 15 in the defendant's motion in limine is an argument that plaintiff's disability pension from the Railroad Retirement Board is not a collateral source and therefore evidence that the plaintiff is receiving that disability pension should be admitted. The Court disagrees. *See Eichel v. New York Central R.R.*, 375 U.S. 253, 254-55, 84 S. Ct. 316, 317, 11 L. Ed. 2d 307 (1963); *Green v. Denver & Rio Grande Western R. Co.*, 59 F.3d 1029, 1033 (10th Cir. 1995). Evidence that plaintiff receives benefits from the Railroad Retirement Board is inadmissible. The defendant notes at pages 10-11 of its brief that there are circumstances in which a plaintiff opens the door to the receipt of evidence regarding disability benefits, and if that happens here, the defendant may ask the Court to reconsider.

Item No. 16 of the defendant's motion asks the Court to exclude any testimony that the plaintiff's witnesses were not allowed to inspect a burro crane or track stabilizer. The plaintiff has responded showing that he served requests to inspect that included numerous items, including a burro crane and a track stabilizer. Defense counsel then wrote a letter stating that there were no rail gangs scheduled to perform work in Arkansas but that he would try to find one that would be performing work nearby on June 12, 2008, the agreed upon date. The letter stated:

> Your Request to Inspect specifically mentions a track stabilizer. I am told that this machine is part of the rail gang. Your Request also mentioned a burro crane model 40. This machine is not part of a rail gang, but there is one on the North Little Rock Service Unit, and we will have to conduct that inspection another time.

The plaintiff has included a declaration of his expert witness stating that he traveled from Blacksburg, Virginia, to Booneville, Missouri, for the purpose of conducting the inspection. There was no burro crane at the inspection site, but one of the employees on the railroad said there was one within driving distance. However, defense counsel intervened and refused to allow inspection of the burro crane and also said that there was no track stabilizer available. There is no indication that the plaintiff made any effort to follow-up and make arrangements for an inspection of a burro crane or a track stabilizer, even though defense counsel had offered to make a burro crane available for inspection in North Little Rock. From a review of the information provided by the plaintiff, the Court is not convinced that the defendant acted in bad faith. If the plaintiff believed that the defendant was acting in bad faith, the appropriate remedy would have been to file a motion to compel the inspection. In the absence of such a motion, the Court will not assume that the defendant acted in bad faith, nor will it allow the jury to make a decision on that issue. If plaintiff's expert wishes to say that he wanted to inspect a burro crane and a track stabilizer but neither was available, he may say that; but the issue of whether the defendant acted in bad faith will not be litigated in front of the jury.

Plaintiff's item No. 17 raises an issue that the Court has already addressed in denying the defendant's *Daubert* motion. The Court's ruling on that issue will not be considered.

Other than as stated herein, the defendant's motion in limine is denied without prejudice to the defendant's right to object to specific evidence at trial.

For the reasons stated above, item No. 1 in plaintiff's motion in limine is granted. Evidence that the plaintiff has received benefits from the Railroad Retirement Board and other collateral sources is excluded.

Part of plaintiff's motion is a *Daubert* motion aimed at excluding in its entirety the testimony of Dr. Todd Brown and at least in part the testimony of Dr. Peeples.[1] At least with respect to Dr. Brown, the motion in limine is in reality a *Daubert* motion. The Court's scheduling order required that all motions except motions in limine be filed on or before August 21, 2008. Therefore, the motion to exclude the testimony of Dr. Brown is untimely. Furthermore, the plaintiff has not supported the motion with a copy of Dr. Brown's report, a copy of his qualifications, or a copy of a deposition transcript. Consequently, the Court is unable to make a determination as to whether Dr. Brown's testimony should be excluded. The motion to exclude Dr. Brown is denied.

The motion regarding Dr. Peeples is a bit different. The Court does not have Dr. Peeples' report or deposition transcript, but the defendant's brief quotes Dr. Peeples' report as saying that the plaintiff made "deliberate efforts to obtain disability rather than to seek medical care for the purpose of healing, recovery, and return to work." Apparently, this statement is based in part on Dr. Peeples' interpretation of an incident in which, according to notes in the medical chart of Dr. Braden, the plaintiff became belligerent toward a nurse of Dr. Braden. Dr. Peeples will not be permitted to testify regarding the mental state of Mr. Graham, Dr. Braden, or Dr. Braden's nurse. However, the defendant may cross-examine the plaintiff about the incident recorded in the medical chart.

Item No. 9 of plaintiff's motion in limine seeks to exclude evidence that plaintiff's injuries occurred otherwise than on the job. The defendant has responded by saying that the law permits the jury to apportion plaintiff's damages between a preexisting condition and any aggravation of that

---

[1] Plaintiff's motion identifies one expert as "Dr. Peeples [sic] . . . an orthopaedic surgeon" without stating his or her first name or providing other identifying information. The Court assumes that the witness in question is Dr. Earl Peeples, an orthopaedic surgeon in Little Rock, who is named as a witness in the defendant's pretrial disclosures.

4

condition caused by the railroad's negligence. At this point, the Court is not aware of any preexisting conditions that would justify submitting an apportionment issue to the jury. However, the Court has not heard the evidence and therefore must reserve ruling on any issue relating to apportioning damages or the cause of injuries.

Other than as stated herein, plaintiff's motion in limine is denied without prejudice to the right of the defendant to object to any specific evidence at trial.

Defendant's motion in limine is GRANTED IN PART and DENIED IN PART. Document #57. Plaintiff's motion in limine is GRANTED IN PART and DENIED IN PART. Document #59.

IT IS SO ORDERED this 17th day of October, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE