IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DAVID M. GRAHAM                                                            PLAINTIFF

v.                      CASE NO. 2-06-0187CV JLH

UNION PACIFIC RAILROAD COMPANY                          DEFENDANT

## UNION PACIFIC'S BENCH MEMORANDUM
## IN SUPPORT OF APPORTIONMENT JURY INSTRUCTION

The Federal Employers' Liability Act specifically provides that railroad carriers are liable for their employees' personal injuries **"resulting in whole or part"** from the carrier's negligence. 45 U.S.C. § 51 (emphasis added). Notwithstanding this remedy, a plaintiff still bears the burden of presenting evidence from which a jury can conclude a "probable" or "likely" causal relationship as opposed to merely a "possible" one. *Edmonds v. Illinois Central Gulf Railroad Co.*, 910 F.2d 1284, 1288 (5th Cir. 1990). Plaintiff has "the burden to show that his employer's negligence was a cause of his injury, and that this injury was sustained in the course of his employment for the railroad." *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 808 (6th Cir. 1985).

*Sauer v. Burlington Northern Railroad Company*, 106 F.3d 1490 (10th Cir. 1997), is the leading case on apportionment in the FELA, and clearly articulates the principle that the railroad is liable **for only** those damages that are caused by its negligence. In *Sauer*, the plaintiff alleged back injuries in the nature of a ruptured disc as a result of two incidents. The railroad (identical to the case at bar) presented evidence that the plaintiff had a degenerative back condition that pre-dated the two incidents and his degenerative condition probably would have caused his disc to rupture if neither incident occurred. Accordingly, the court instructed the jury to reduce the plaintiff's damages by the likelihood that the plaintiff would have eventually suffered his injury

1

even if the accident had not occurred. The jury found that the railroad was not negligent in the first incident. *Id.* However, the jury found that the plaintiff and the railroad were both 50% at fault in the second incident. *Id.* Thereafter, the jury apportioned 75% of the plaintiff's injuries to pre-existing conditions, making the railroad liable for only 12.5% of the plaintiff's total damages.

On appeal, the plaintiff argued that the evidence did not support the court's instruction because the railroad did not present an expert to apportion precisely the plaintiff's injury. The Tenth Circuit rejected the plaintiff's argument and held that the district court's jury instruction was a correct statement of the law and was properly supported by the evidence. *Id.* at 1495. The *Sauer* Court held that the evidence regarding the plaintiff's degenerative back condition provided a basis for apportioning some of the plaintiff's injury to his pre-existing condition. *Id.* The court explained that: "The extent to which an injury is attributable to a preexisting condition or prior accident need not be proved with mathematical precision or great exactitude. The evidence need only be sufficient to permit a rough practical apportionment." *Id.* at 1494.

The court further held that although apportionment of damages may be difficult, "it is a question for which juries are well suited." *Id.* (citations omitted). The defendant need only offer "evidence that would have enabled the jury to make a sensible apportionment of the damages between the defendant's conduct and the normal vicissitudes of life that would have confronted [the plaintiff] and <u>might</u> have precipitated his [illness]." *Id.* (emphasis added); *Lancaster v. Norfolk & Western Railway Co.*, 773 F.2d 807, 823 (7th Cir. 1985).

In *Dale v. Baltimore & Ohio Railroad*, 552 A.2d 1037 (Pa. 1989), the Pennsylvania Supreme Court correctly found that "liability attaches to a negligent act only to the degree that the negligent act caused the employee's injury, and **thus that an employer is financially**

2

**responsible only for those damages which it has caused.**" *Id.* at 1041 (emphasis added). The Pennsylvania Supreme Court further stated "an FELA employer whose employee has been injured partially by the employer's negligence and partially by other causes, **whether those other causes relate to a pre-existing condition or to a concurrent, contemporary cause arising from the circumstances of the injury**, must pay damages only for those injuries attributable to its negligence." *Id.* (emphasis added).

The United States Supreme Court has held that common law principles should guide the proper application of the FELA. *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994). It is well-established that the common law favors the apportionment of damages among multiple causes of an injury. *See* Restatement 2d Torts, §433A (requiring apportionment of damages where there is a reasonable basis for determining the contribution of each cause to a single harm).

Union Pacific contends that there is substantial evidence to support an apportionment instruction in this case. Plaintiff's expert, George Schoedinger, M.D., stated that Plaintiff's lumbar spine demonstrated evidence of age-related changes, and opined that Plaintiff's condition was also due, at least in part, to Plaintiff's age, obesity and genetic factors. Likewise, Defendant's experts, Barry Baskin, M.D., and Earl Peeples, M.D., have opined that Plaintiff's medical condition is due to his age, obesity and genetics, rather than from his railroad work. Based on this testimony, there is evidence that Plaintiff's spinal condition would have occurred had he never worked for the railroad. Therefore, Union Pacific submits that the jury should be instructed upon apportionment of damages based upon the prevailing case law and evidence in support of same.

Respectfully submitted,

SCOTT H. TUCKER, #87176
KRISTOPHER B. KNOX, #2004071
FRIDAY, ELDREDGE & CLARK
400 W. Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
Telephone: (501) 376-2011
Fax: (501) 376-2147
tucker@fec.net
kknox@fec.net

- and -

ANDREW W. REINHART
Kelly Hayden, LLC
525 William Penn Place, Suite 3125
Pittsburgh, PA 15219
Telephone: (412) 325-4392
Fax: (412) 325-4157

*Attorneys for Union Pacific Union Pacific Railroad Company*

/s/ Scott H. Tucker
SCOTT H. TUCKER, #87176

## CERTIFICATE OF SERVICE

I, Scott H. Tucker, do hereby certify that on this 24th day of October, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Mark B. Chadick
Morgan & Chadick, L.L.P.
225 West Barraque
Pine Bluff, AR 71601

Reed Morgan
Morgan & Chadick, L.L.P.
P.O. Box 38
Comfort, TX 78013

s/ Scott H. Tucker
SCOTT H. TUCKER, #87176